IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES LITTLE, JR.,

                Plaintiff,                Case No. 3:04 CV 7094

-vs-

                                       <u>MEMORANDUM  OPINION</u>

KHELLEH KONTEH,

                Defendant.

KATZ, J.

     Pending before this Court is the Report and Recommendation ("R & R") of Magistrate Judge Kenneth S. McHargh filed June 7, 2005 (Doc. No. 16), as to which Plaintiff filed objections on June 15, 2005 (Doc. No. 17). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings to which the Plaintiff objects. For the following reasons, the Court finds Plaintiff's objections are not well taken and the same are denied.

     Magistrate Judge McHargh considered the Petition of Plaintiff, filed pro se, for a writ of habeas corpus regarding his 2001 convictions in the Seneca County, Ohio Court of Common Pleas for rape and gross sexual imposition. The Respondent is the Warden of the Toledo Correctional Institution, Khelleh Konteh ("Konteh" or "Warden"). The Magistrate Judge considered each of the four grounds relied upon by Petitioner and, in a very well-reasoned opinion, recommended that this Court find that the Petition should be denied because James Little, Jr. ("Little") has procedurally defaulted his claims. Little has filed, pro se, objections, set forth in seven numbered paragraphs, directed primarily at the mailing/prison mail box rule issue. The Court has carefully

reviewed and considered each of the seven paragraphs and finds that there is no merit in any of them which would result in this Court's failure to adopt the R & R. Therefore, this Court will adopt in full the R & R of the Magistrate Judge.

The R & R sets forth with some complexity and at length the background of this matter, both factual and procedural. The history of the case from beginning to end within the State of Ohio court system is traced and analyzed and it is unnecessary to repeat the same here.

This case is governed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, this Court has limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. *Williams v. Taylor*, 529 U.S. 362 (2002). Because the Petition has been filed pro se, Little will be held to a less stringent standard than formal pleadings drafted by attorneys.

The Warden asserts that Little has procedurally defaulted his claims because they were not presented in a timely appeal to the Ohio Supreme Court. Although Little attempted to file a delayed appeal, the Ohio Supreme Court denied leave to appeal without reaching the merits of his claim.

Magistrate Judge McHargh analyzed the procedural default of the claims presented to this Court. Governed by United States Supreme Court precedent, this Court cannot grant relief to a habeas petitioner unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). That exhaustion requirement is deemed satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). However, where a state court has failed to address a prisoner's federal claims because he has failed to meet a state procedural requirement,

the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. *Coleman*, at 729-730. Where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell v. Mitchell*, 274, F.3d 337, 348 (6th Cir. 2001)(quoting *Coleman*, 500 U.S. at 750).

The Magistrate Judge considered the four factors used in determining whether a claim has been procedurally defaulted, as articulated in *Buell*, and found that the Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. Denied*, 125 S.Ct. 506 (2004). Little disagrees that the denial of his motion for leave constitutes a procedural bar and in his objections continues to take that position.

The Magistrate Judge reviewed the record, the facts and the law to determine whether Little had demonstrated that there was cause for him not to follow the procedural rule. Having done so, the Magistrate Judge determined that Little had not shown cause and thus it was unnecessary to consider whether he was prejudiced by the default. He also found that Little had not demonstrated that the claimed constitutional errors led to a "fundamental miscarriage of justice," that is, "the conviction of one who is actually innocent." *See, Coleman*, 501 U.S. at 748. He, therefore, recommended that the Petition be denied because Little has procedurally defaulted his claims.

The findings and recommendations of the Magistrate Judge are well taken and there are no legal points which would be arguable on their merits in an appeal of this case. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety and will deny due to procedural default the Petition of Little for a writ of habeas corpus. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case as any appeal would lack substantial merit.

    IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE